**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, YOUNGSTOWN**

OHIO EDISON COMPANY and
AMERICAN TRANSMISSION SYSTEMS,
INCORPORATED,

Plaintiffs,

vs.

TOTAL WRECKING &
ENVIRONMENTAL, LLC.,

Defendants.

Docket No.:

**JURY TRIAL DEMANDED**

**COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs Ohio Edison Company and American Transmission Systems, Inc. by and through their counsel Post & Schell, P.C. and file the following Complaint and aver as follows:

## I. JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which gives district court's jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and where complete diversity of citizenship exists between a plaintiff and all defendants.

2. Venue in the Northern District of Ohio, Eastern Division, Youngstown is proper pursuant to 28 U.S.C. 1391(b)(2) because the events giving rise to the claims occurred in Trumbull County, Ohio.

## II. PARTIES

3. Plaintiff Ohio Edison Company (OEC) is an Ohio Corporation with a principal place of business of 341 White Pond Drive, Akron, Ohio, 44320.

4. Plaintiff American Transmission Systems, Incorporated (ATSI) is an Ohio Corporation with a principal place of business of 341 White Pond Drive, Akron, Ohio 44320.

5. Defendant Total Wrecking & Environmental, LLC. (TWE) is a New York limited liability company with a principal place of business of 41 Gold Cup Drive, Amherst, New York 14221.

## III. FACTUAL BACKGROUND

6. Plaintiff OEC is a regulated electric utility company providing electric distribution services in Ohio, including Trumbull County.

7. Plaintiff ATSI is an electric transmission company providing electric transmission services in Ohio, including Trumbull County.

8. Defendant TWE is a national demolition and abatement contractor providing demolition services across the United States, including in Trumbull County, Ohio.

9. Plaintiffs OEC and ATSI both own and operate electrical transmission and distribution conductors and related electrical facilities and equipment located in and along Tod Avenue NW, Warren, Ohio.

10. On information and belief, Defendant TWE bid on and was awarded a demolition contract by the City of Warren to demolish an apartment building located at 250 Tod Avenue NW, Warren, Ohio.

11. On September 19, 2024, TWE was performing demolition work on the apartment building located at 250 Tod Avenue NW, Warren, Ohio using a crane.

12. TWE's demolition work was being performed in close proximity to the electrical transmission and distribution conductors and related electrical facilities and equipment owned and operated by Plaintiffs OEC and ATSI.

13. TWE's demolition crane operator while performing his work under TWE's supervisor, control and instruction knocked a portion of the building towards Tod Avenue, NW directly onto and through OEC and ATSI's electrical transmission and distribution conductors causing damage to their electrical conductors and electrical facilities and equipment.

14. As a direct and proximate result of TWE's negligent demolition work OEC and ATSI's electrical transmission and distribution conductors and electrical facilities and equipment suffered damages and required repairs in excess of $75,000.00.

15. Due to TWE's negligent demolition Plaintiffs suffered the following damages:

a) Property damages to its electrical infrastructure including electrical transmission and distribution conductors and electrical facilities and equipment;

b) Costs to repair the damages to Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment;

c) Engineering, labor and administrative costs and expenses associated with the repairs to Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment;

d) Contractor costs and expenses associated with the repairs to Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment;

e) Transportation costs and expenses and removal and disposal costs;

f) Materials costs for damage electrical transmission and distribution conductors and electrical facilities and equipment;

g) Loss of use.

h) Other damages, costs and expenses associated with the clean up and repair from the damage to the electrical transmission and distribution conductors and electrical facilities and equipment;

**COUNT I**
**Plaintiffs OEC and ATSI v. Defendant TWE**
**NEGLIGENCE**

16. Paragraphs 1-15 are incorporated by reference as if set forth fully herein.

17. Defendant TWE holds itself out to the public on its website as an experienced nationwide demolition contractor.

18. Defendant TWE as a demolition contractor owed a duty to the Plaintiffs to perform its demolition work in a manner so that TWE did not cause damage to the Plaintiffs' electrical transmission and distribution conductors and electrical equipment.

19. Defendant TWE knew or should have known that Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment were located in close proximity to the building that TWE was demolishing and that it needed to take steps to demolish the building at 250 Tod Avenue NW in a controlled and safe manner that did not cause damage to other properties.

20. On or before September 19, 2024, Defendant TWE knew or should have known that the manner in which it was performing the demolition of the building at 250 Tod Avenue NW, Warren Ohio created a risk of damaging Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment.

21. However, despite TWE's knowledge of the potential risk of damage to Plaintiffs' electrical transmission and distribution conductors and electrical facilities and equipment it

proceeded with the demolition in a manner likely to cause damage to the Plaintiffs and their property.

22. Plaintiffs injuries and damages were a direct and proximate result of the negligence and carelessness of the Defendant TWE, its agents, contractors or subcontractors as follows:

a) In negligently designing a demolition plan for the demolition of the building at 250 Tod Avenue NW;

b) In negligently selecting a manner of demolition for the building at 250 Tod Avenue NW;

c) In negligently inspecting the property at 250 Tod Avenue NW to identify and mitigate risks to the Plaintiffs property from the demolition work to be performed by TWE;

d) In negligently failing to modify how the demolition of the building at 250 Tod Avenue NW would be performed despite the fact that it knew or should have known the manner of demolition had the potential to or would cause damage to Plaintiffs.

d) In negligently failing to institute policies, procedures or protections at the beginning of the demolition or during the demolition to ensure that TWE did not damage the Plaintiffs' property during the demolition.

e) In negligently performing the demolition of the building at 250 Tod Avenue, NW in a manner that it knew or should have known would cause damage to Plaintiffs.

f) In negligently failing to stop the demolition on the building at 250 Tod Avenue, NW as it knew or should have known that continuing demolition

of the building in proximity to Plaintiffs electrical transmission and distribution conductors and electrical equipment was likely to result in damages to Plaintiffs;

g) In negligently failing to employ spotters or negligently performing spotting work through its employees, agents, contractor or subcontractors while using its overhead crane to conduct demolition operations;

h) In failing to take necessary and proper steps or precautions to ensure that TWE's demolition work did not cause damage to the property of others;

i) In negligently failing to utilize a different method of demolition for the building at 250 Tod Avenue, NW to avoid damage Plaintiffs property.

j) In negligently supervising and directing the demolition of the building at 250 Tod Avenue, NW.

23. As a direct and proximate result of Defendant TWE's negligent acts set forth above, Plaintiffs have suffered the aforementioned damages set forth in Paragraph 15 of this Complaint.

WHEREFORE, Plaintiffs Ohio Edison Company and American Transmission Systems, Incorporated demand judgment for damages against Defendant Total Wrecking Environmental, LLC. in an amount in excess of the jurisdictional limits, together with court costs, interest and such other damages and relief as this Honorable Court may deem just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*Edward A. Smallwood /s/*

Edward A. Smallwood, Esquire
OH I.D. No. 0092836
Post & Schell, P.C.
One Oxford Centre, Suite 3010
301 Grant Street
Pittsburgh, PA 15219
412-506-6374
esmallwood@postschell.com
Counsel for Plaintiffs Ohio Edison Company
and American Transmission Systems, Incorporated